**UNITED STATES v. ONE DODGE COUPÉ, TENNESSEE LICENSE 81–976.**

(District Court, E. D. Tennessee, N. D. June 8, 1926.)

No. 1899.

**1. Intoxicating liquors** ⚖➡250.

Procedure for forfeiture of car *held* in substantial compliance with National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm).

**2. Intoxicating liquors** ⚖➡251.

Intervening petitioner, asserting ownership and seeking to prevent forfeiture of automobile under National Prohibition Act, tit. 2, § 26, must show good cause to the contrary (Comp. St. Ann. Supp. 1923, § 10138½mm).

**3. Intoxicating liquors** ⚖➡251.

Intervening petitioner, asserting ownership, *held* not to have shown good cause against forfeiture under National Prohibition Act, tit. 2, § 26, of automobile used by notorious boot-

legger with her husband's permission (Comp. St. Ann. Supp. 1923, § 10138½mm).

Proceeding by the United States for the forfeiture of one Dodge coupé, Tennessee license 81–976. Forfeiture decreed.

W. W. Piper, Asst. U. S. Atty., of Knoxville, Tenn.

H. F. Atkins, of Knoxville, Tenn., for intervener, Annie Gibson.

HICKS, District Judge. The plaintiff seeks a forfeiture of this car under section 3450, R. S. (Comp. St. § 6352) and likewise under section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm). I do not think it is forfeitable under section 3450. In my opinion it is, however, forfeitable under section 26 of the National Prohibition Act.

[1-3] The weight of the proof is that Capt. Montgomery, a police officer of the city of Knoxville, apprehended Phil Glover transporting intoxicating liquor in this car and arrested him. The car was stored in Brown's garage, and the case turned over to Wynn, chief prohibition agent. The weight of the proof is that Glover was proceeded against under the National Prohibition Act and submitted. The submission for this transportation was to the charge exhibited in the third count of the indictment against Glover. I think the procedure in this case was in substantial compliance with section 26. An intervening petition has been filed by Annie Gibson, who claims to be the owner of the car. Before she can prevent a forfeiture or sale of the car under the statute, it is necessary that she show good cause to the contrary. Her petition states that she lived with her husband, Hubert Gibson, that he was sent to jail for violating the prohibition law, and that, while he was in jail, he allowed Phil Glover (the defendant) to use the car occasionally for legitimate purposes only. She avers in her petition that she had no knowledge that the automobile was used by Glover on the occasion in question or at any other time, and that she had no information which would lead her to believe that Glover intended to so use the automobile.

The record discloses that Glover was a notorious bootlegger. Mr. Montgomery testifies that he had raided his place several times and arrested him several times and caught him with a great deal of liquor. The record discloses that Annie Gibson was rather intimately acquainted with Glover. The record further discloses that Glover had been fined in court for violation of the National Prohibition Act. It further discloses that Glover and Hubert Gibson, the husband of the petitioner, Annie Gibson, had been arrested in a Ford car for possessing liquor. There is no testimony of either Annie Gibson or Hubert Gibson in the record. There is some indication in the record that Hubert Gibson himself helped pay for this car when it was bought.

Upon the whole, I conclude that the petitioner has wholly failed to show any good cause as against the forfeiture of this car, and a forfeiture is therefore ordered under section 26. The petitioner must necessarily have known, or should by the exercise of reasonable precaution have readily ascertained, that Glover was engaged in illicit liquor transactions.

I find in the record that the petitioner has deposited $300 with the clerk and an agreement between her and the district attorney that, in case she is unsuccessful, this $300 is to be dealt with by the court as is in such cases made and provided. I assume this agreement was meant to substitute this $300 for the car, and, acting upon this assumption, the judgment in this case will be that this amount of $300 will be forfeited to the government, out of which will be first paid any expenses for keeping the car, the fee for the seizure, and the cost of the sale, the balance to be paid into the treasury of the United States as miscellaneous receipts.